Ali Salamirad, Esq. (SBN 209043)
Teresa L. Polk, Esq. (SBN 111975)
**SMTD LAW LLP**
17901 Von Karman Avenue, Suite 500
Irvine, California 92614
Telephone No.: (949) 537-3800
Email: tp@smtdlaw.com

Attorneys for Plaintiff
INTERNTIONAL FIDELITY INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, A New Jersey corporation, | Case No. |
| | *Unlimited Jurisdiction* |
| Plaintiff, | |
| v. | **COMPLAINT BY INTERNATIONAL FIDELITY INSURANCE COMPANY** |
| NOKOLAI GRANT, an individual; SHANNON GRANT, an individual; ANDREW PERHAM, an individual; CASSIE PERHAM, an individual; MICHAEL EDWARD TUCKER, an individual; MARGIE SCOTT TUCKER, an individual; STEPHEN MAYER, an individual; PATRICIA MAYER, an individual; and Does 1 through 10, inclusive, | |
| Defendants. | |

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

**INTERNATIONAL FIDELITY INSURANCE COMPANY'S COMPLAINT**

Plaintiff International Fidelity Insurance Company (herein "IFIC") hereby alleges as follows against Defendants NOKOLAI GRANT, SHANNON GRANT, ANDREW PERHAM, CASSIE PERHAM, MICHAEL EDWARD TUCKER, MARGIE SCOTT TUCKER, STEPHEN MAYER, PATRICIA MAYER, and Does 1 through 10 inclusive (sometimes collectively referred to herein as "Defendants"), jointly and severally as follows:

## PARTIES

1.     IFIC is and at all times mentioned herein was, a corporation incorporated under the laws of New Jersey with its principal place of business in Newark, New Jersey.  IFIC is qualified to conduct business and has been conducting business in the State of California as a surety.

2.     Defendants NOKOLAI GRANT and SHANNON GRANT are individuals with their principal residence and domicile in the City of Covina, County of Los Angeles, in the State of California.

3.     Defendants ANDREW PERHAM and CASSIE PERHAM are individuals with their principal residence and domicile in the City of Oakland, County of Alameda, in the State of California.

4.     Defendants MICHAEL EDWARD TUCKER and MARGIE SCOTT TUCKER are individuals with their principal residence and domicile in the City of Emerald Hills, County of San Mateo, in the State of California.

5.     Defendants STEPHEN MAYER and PATRICIA MAYER are individuals with their principal residence and domicile in the City of San Mateo, County of San Mateo, in the State of California.

6.     IFIC is unaware of the true names and capacities, whether individual, corporate, partnership, limited liability company, associate, public agency or otherwise of the defendants sued as Does 1 through 10, inclusive, and therefore sues said defendants by such fictitious names.  IFIC will amend this Complaint to allege the true names and capacities of these Doe defendants when the same have been

ascertained. On information and belief, Defendants Does 1 through 10, inclusive, are citizens of the State of California for purposes of diversity jurisdiction.

7.    IFIC is informed and believe, and based thereon alleges, that the defendants named in this Complaint, and each of the defendants sued herein as Does 1 through 10, inclusive, are in some manner, means, or degree, responsible, either jointly or severally, for the injuries, losses, and damages herein complained of by IFIC.  IFIC is further informed and believes, and thereon alleges, that each of the aforesaid defendants is, and at all times mentioned herein was, an agent, representative and/or employee of the other defendants, and each of them, and/or accepted the benefits and/or ratified the conduct of such other defendants, which caused the losses, injuries, and/or damages herein complained of by IFIC.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is (a) complete diversity of citizenship between Plaintiff IFIC, on the one hand, and the Defendants, on the other, because Plaintiff IFIC is a citizen of the State of New Jersey; and all of the Defendants are citizens of the State of California; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.    Venue is proper in the United States District Court for the Central District of California, Southern Division, under 28 U.S.C. § 1391 because one or more of the Defendants resides within this judicial district and all of the Defendants are residents of the State in which this District is located are subject to personal jurisdiction in this Division at the commencement of this action.

## GENERAL ALLEGATIONS

10.    On or about February 1, 2021, Defendants, and each of them, as Indemnitors, signed an Agreement of Indemnity ("Indemnity Agreement") in favor of IFIC for surety bonds issued by Sureties, or any of them, to Books, Inc. or to any of the Defendants, including surety bonds IFIC had already issued as well as surety bonds thereafter issued.   A true and accurate copy of the Indemnity Agreement is

attached hereto as Exhibit "A," redacted to remove the Defendants' Social Security numbers and residence addresses.  The Indemnity Agreement obligates Defendants, jointly and severally, to, among other things, indemnify and hold harmless IFIC in the event IFIC incurs claims, liability, loss, or expense as a result of bonds issued on behalf of Books, Inc., Defendants, or any of them, either in its own name or as co-venturer with others.  The Indemnity Agreement provides, in Paragraph Sixteenth, that Defendants will continue to remain bound even if the Sureties accepts a future general indemnity agreement, and that the Indemnity Agreement (Exhibit "A") will be "in addition to, and not in lieu of, the rights afforded" under the Indemnity Agreement. Similarly, all general agreements of indemnity signed by the Defendants prior to Exhibit "A" hereto provide that the Defendants will remain obligated under those prior indemnity agreements despite their signing the Indemnity Agreement attached as Exhibit "A."

11.    Said Indemnity Agreement also provides, in paragraph Fourth, that Defendants "will, upon the written request of the Surety, promptly procure the full and complete discharge of the Surety from any Bonds specified in such request and all potential liability by reason of such Bonds. If such full and complete discharge is unattainable, the Principal and Indemnitors will, if requested by the Surety, within five (5) business days, place the Surety in funds that are immediately available and sufficient to meet all of the Surety's liabilities that are in force prior to the date of the Surety's demand. The Surety may make such demand for funds at any time and without regard to whether it has sustained any loss or received any claim."

12.    Said Indemnity Agreement also provides, in Paragraph Eighth, that the "Surety shall have the right to reasonable access to the books, records, and accounts of the Principal and Indemnitors; and any bank depository, materialman, supply house, or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested."

13.    In reliance on prior indemnity agreements and information received

from the Defendants herein, on or about April 2, 2018, IFIC issued its Performance Bond for Airport Leases No. 0736100 as a public improvements performance bond with a limit of $121,685.00 naming Books, Inc. as Principal and the City and County of San Francisco, acting by and through its Airport Commission (herein "Airport"), as obligee referencing a lease for a bookstore located in Terminal 2 of San Francisco International Airport. A true and accurate copy is attached as Exhibit "B." Also or about April 2, 2018, IFIC issued its Performance Bond for Airport Leases No. 0736101 as a public improvements performance bond with a limit of $307,027.00 naming Books, Inc. as Principal and the City and County of San Francisco, acting by and through its Airport Commission (herein "Airport"), as obligee for a lease of a bookstore located in Terminal 3 of San Francisco International Airport entered into between the Airport and Books, Inc. A true and accurate copy is attached as Exhibit "C." Said Bonds (Exhibits "B" and "C") and any and all other surety bonds issued by IFIC to Books, Inc. or to any of the Defendants are described herein as the "Bonds." Each of the Bonds provided that it would expire on March 30, 2019 and that it could be extended for successive one-year periods "by continuation certificate duly executed by the Surety." IFIC issued a series of continuation certificates.

14.     On or about March 30, 2021, March 30, 2022, and March 30, 2023, in reliance on the Indemnity Agreement (Exhibit "A"), IFIC issued a series of further Continuation Certificates on each of the Bonds for a term ending March 30, 2024. True and accurate copies of the Continuation Certificates are attached hereto collectively as Exhibit "D." IFIC invoiced, but Books, Inc. and the Defendants failed to pay, a premium for a further Continuation Certificate for the time period of March 30, 2024 to March 30, 2025, and no further Continuation Certificates were issued after the expiration date of March 30, 2024.

15.     On or about August 16, 2024, based upon the deteriorating financial condition of Books, Inc. and the Defendants, with the invoice for the 2024 to 2025 continuation still outstanding and past due, IFIC and its related entity Harco National

Insurance Company made demand on the Defendants, and each of them, to immediately obtain the full and complete discharge of IFIC from all Bonds then in force issued by IFIC on behalf of Books, Inc. and, if such discharge could not be obtained, to pay cash collateral to IFIC within 5 calendar days in the amount of $349,526.20 as IFIC's best estimate of its outstanding liability under the Bonds. A true and accurate copy of that demand is attached hereto as Exhibit "E." Books, Inc. and the Defendants, and each of them, breached their contractual obligations under the Indemnity Agreement in that they failed to provide the City of San Francisco with replacement bonds from another surety or otherwise procure IFIC's discharge from the Bonds, failed to pay the amount requested, or any other sum, in collateral, and continued to fail to pay the bond premium for the 2024-2025 extension of the Bonds.

16.    On January 20, 2025, having never procured the 2024-2025 extension of the Bonds and having never paid the premium therefor, Books, Inc. filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Northern District of California, as Case No. 25-40087. By that bankruptcy petition and the attached schedules, Books, Inc. acknowledged that Books, Inc. currently has leases in effect with the Airport for book stores in airport terminals 2 and 3. Moreover, according to the bankruptcy schedules, at least one of the Airport leases is not due to expire until 2033.

17.    Only Books, Inc., and none of the individual indemnitors, has filed a bankruptcy petition. Part of the purpose of the individual indemnitors' indemnity obligations under the Indemnity Agreement is to provide indemnity and collateral to IFIC in the event that Books, Inc. becomes financially unable to meet its obligations to the Airport, IFIC.

18.    On February 4, 2025, based upon the Books, Inc. bankruptcy petition and the failure of all of the Defendants to comply with their contractual obligation to procure IFIC's discharge from the Bonds, IFIC sent a further demand to the Defendants under Paragraphs Second, Fourth and Eighth of the Indemnity

Agreement, demanding that Defendants, and each of them, deposit collateral security in the amount of $428,712.00 under Paragraph Fourth of the Indemnity Agreement within five (5) business days of February 4, 2025; demanding that the Defendants, and each of them, indemnify IFIC against its attorney fees and expenses as well as any paid claims and all other losses under the Indemnity Agreement; and further demanding that the Defendants, and each of them, provide IFIC with specified books, records and accounts. A true and accurate copy of that demand is attached hereto as Exhibit "F."

19.   Thereafter, IFIC became aware that as part of the agreement to extend the Bonds in 2021, IFIC was holding cash collateral in the amount of $116,509 which should be credited against the demand. Accordingly, on February 12, 2025, IFIC sent a further letter to the Defendants reducing its demand by $116,509 to the remaining balance of $312,203.00 and reiterating its request for books, records and accounts. A true and accurate copy of that demand is attached as Exhibit "G."

20.   The Defendants, and each of them, have breached their obligations under the aforementioned indemnity agreements by, among other things, failing to discharge and indemnify IFIC against all liability they have under the Bonds; failing to grant IFIC access to their books and records; and failing to deposit cash collateral security with IFIC as required under the terms of the Indemnity Agreement.

## COUNT I

### (Breach of Contract (Express Indemnity under Indemnity Agreements) against All Defendants

21.   IFIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

22.   IFIC has demanded, and hereby demands, the Defendants, and each of them, exonerate, reimburse, indemnify and hold IFIC harmless from all liability, damages, loss, costs and expense.

23.    In failing to exonerate, reimburse, indemnify and hold IFIC harmless, the Defendants, and each of them, have breached the terms of the Indemnity Agreement.

24.    IFIC has satisfied all conditions precedent to maintain this action under the Indemnity Agreements.

25.    As a direct and proximate cause of the Defendants' breach, IFIC has incurred significant damages, loss and expense arising out of enforcing the indemnity agreements and the Bonds, and is potentially liable to bond claimants, in an amount currently estimated at $428,712.00 based upon the bond limits of the bonds, and in such other amount exceeding the jurisdictional limits of this Court and to be proven at trial.

26.    IFIC has retained legal counsel to advise and represent them in connection with their rights, duties and obligations arising as a result of the issuance of the Bonds and in the course of this civil action.  IFIC has incurred, and will continue to incur, attorney fees and legal expenses both in the course of this action and also as a result of the issuance of the Bonds (including but not limited to attorney fees incurred in response to the Books, Inc. bankruptcy, attorney fees incurred in cooperating with bond obligee City of San Francisco, and attorney fees that may be incurred in connection with bond claims, efforts to obtain books, records, collateral security and indemnity), all of which IFIC has a right to recover from the Defendants under the Indemnity Agreement.

THEREFORE, IFIC requests judgment as prayed for below.

## <u>COUNT II</u>

### (Specific Enforcement of the Indemnity Agreements against All Defendants: Cash Collateral)

27.    IFIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

28.    IFIC incurred liability, losses, damages, costs and expenses, and it will continue to incur losses, damages, costs and expenses, including attorney's fees, by virtue of, and as a direct consequence of, having issued the Bonds.

29.    To date, the Defendants have failed and/or refused to provide IFIC with collateral security in the amounts demanded or in any other amount.

30.    By filing this Complaint, IFIC demands specific performance from the Defendants, and each of them, to fulfill their respective obligations under the Indemnity Agreements to deposit cash collateral.

31.    The Defendants' failure to indemnify, defend and hold harmless IFIC and failure to deposit collateral will IFIC sufficient to cover all losses, expenses and costs as required under the Indemnity Agreements constitutes a breach of said agreements.

32.    As a direct and proximate result of the Defendants' breaches, IFIC is being irreparably harmed, and have been and will be incurring liability, losses, costs and damages, including attorney's fees.

33.    IFIC has no adequate legal remedy under the circumstances with respect to getting the Defendants to perform their respective indemnity obligations or to fulfill the collateral requirements in the Indemnity Agreements, and are entitled to an order compelling Defendants, and each of them, to specifically perform under the applicable Indemnity Agreements, by depositing collateral security in compliance with the terms of the Indemnity Agreements as to each such Defendant.

THEREFORE, IFIC requests a judgment as prayed for below.

## <u>COUNT III</u>

**(Specific Enforcement of the Indemnity Agreements against All Defendants: Books and Records, Access to Information)**

34.    IFIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

- 9 -

**INTERNATIONAL FIDELITY INSURANCE COMPANY'S COMPLAINT**

35.     IFIC has a right to reasonable access to each Defendant's respective books, records and accounts under each applicable Indemnity Agreement.    In addition, pursuant to the terms of the Indemnity Agreement. IFIC has made demand on each Defendant for such access.

36.     Defendants, and each of them, have breached their contractual obligations under the Indemnity Agreement by failing and/or refusing to provide IFIC with reasonable access to their respective books, records and accounts.

37.     As a direct and proximate result of the Defendants' breaches, IFIC is being irreparably harmed, and IFIC has been incurring and will continue to incur liability, losses, costs and damages, including attorney's fees.

38.     IFIC has no adequate legal remedy under the circumstances with respect to getting the Defendants to perform their respective indemnity obligations or to fulfill the requirements in the Indemnity Agreements to grant IFIC reasonable access to books, records, and accounts and is entitled to an order compelling Defendants, and each of them, to spec.  IFIC is entitled to an order requiring Defendants, and each of them, to specifically perform under the Indemnity Agreement by granting such reasonable access in compliance with the terms of the Indemnity Agreement as to each such Defendant.

THEREFORE, IFIC requests a judgment as prayed for below.

## COUNT IV

### (Breach of Contract (Cash Collateral under Indemnity Agreements) against All Defendants)

39.     IFIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

40.     In failing to post collateral security under Paragraph Fourth of the Indemnity Agreement, and otherwise, the Defendants, and each of them, breached the terms of the Indemnity Agreement.

41.    IFIC has satisfied all conditions precedent to maintain this action under the Indemnity Agreement.

42.    As a direct and proximate result of the Defendants' breach, IFIC has incurred damages, loss and expense arising out of the Defendants' respective failure to post collateral security, in the amount or amounts that IFIC has demanded, and any other amount that IFIC may, from time to time, demand that Defendants post in accordance with the Indemnity Agreement.

THEREFORE, IFIC requests a judgment as prayed for below.

## COUNT V

### (*Quia Timet* against All Defendants)

43.    IFIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

44.    IFIC reasonably believes that it will incur immediate and substantial losses, costs, damages, attorney's fees and expenses by reason of, or in consequence of, the Bonds.

45.    The Defendants are obligated, under the doctrine of *Quia Timet*, to post collateral security with IFIC for all losses, costs, damages, attorney's fees and expenses incurred by reason of, or in consequence of, the issuance and maintenance of the Bonds.

46.    IFIC is entitled to a prejudgment order requiring Defendants to post collateral with IFIC in an amount sufficient to cover all claims, losses, costs, damages, attorney's fees and expenses incurred by reason of, or in consequence of, the issuance and maintenance of the Bonds.

THEREFORE, IFIC requests a judgment as prayed for below.

## PRAYER

Wherefore, Plaintiff IFIC prays for judgment as follows against the Defendants:

1.     For an award of monetary damages against Defendants, and each of them, and in favor of IFIC in an amount according to proof;

2.     For an order of specific performance compelling Defendants, and each of them, to specifically perform by depositing collateral security in compliance with the terms of the Indemnity Agreement;

3.     For an order of specific performance compelling Defendants, and each of them, to grant reasonable access to their books, records, and accounts in accordance with the Indemnity Agreement.

4.     For an order of *quia timet*, compelling Defendants in the course of this action to specifically perform by depositing collateral security in compliance with the terms of the Indemnity Agreement;

5.     For attorney fees pursuant to contract;

6.     For pre-judgment interest at the rate of 10% per year pursuant to California law;

7.     For post-judgment interest in accordance with federal law; and For such other and further relief as the Court may deem just and proper.

Dated:  February 24, 2025         **SMTD LAW LLP**

By: _____
Ali Salamirad
Teresa L. Polk
Attorneys for Plaintiff
INTERNATIONAL FIDELITY
INSURANCE COMPANY

**INTERNATIONAL FIDELITY INSURANCE COMPANY'S COMPLAINT**

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP